[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 31, 1969, in Sydney, Australia. The plaintiff has resided continuously in this state since 1983. There are two children issue of the marriage, and each has reached his/her majority. The evidence reveals that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 47, has been a housewife, mother and assistant to the defendant in his business during the marriage. She has indicated no health problems and currently is working at two part-time jobs.
The defendant, age 48, is self-employed as a market consultant in the furniture industry. He left the marital home in May, 1989 and presently lives in the state of Georgia.
The court finds that the defendant must assume the responsibility for the breakdown of the parties' marriage. It would serve no useful purpose to elaborate on the facts that led the court to reach this conclusion.
The court has carefully considered the criteria set forth in Connecticut General Statutes 46b-62, 46b-81 and46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. The defendant shall pay to the plaintiff as periodic alimony the sum of $1,000.00 per month. The payments shall commence on August 1, 1990 and on the first day of each month thereafter until the death of either party or the remarriage of the plaintiff, whichever event first occurs. A contingent wage withholding order shall enter.
2. The interest of the defendant in the family residence located at 58 Old Road, Westport, Connecticut, is ordered transferred to the plaintiff, pursuant to the authority granted this court by the provisions of section 46b-81 of the Connecticut General Statutes. This transfer is subject to the outstanding mortgage, which shall be the the sole responsibility of the plaintiff, and she shall hold harmless and indemnify the defendant from any liability thereon. The contents of the family residence are awarded to the plaintiff, except for any personal effects of the defendant.
3. The defendant shall transfer to the plaintiff the title off ownership of the 1984 Volkswagen automobile currently being used by the plaintiff. CT Page 731
4. The defendant shall contribute to the plaintiff the sum of $2,000.00 towards the counsel fees incurred by the plaintiff. The sum of $1,000.00 shall be paid no later than November 1, 1990, and the balance of $1,000.00 shall be paid no later than February 1, 1991.
5. The defendant is awarded his computer equipment, his 1987 Jeep and the bank accounts in his name. He shall be solely responsible for the liabilities listed on his financial affidavit, dated July 26, 1990, and shall indemnify and hold harmless the plaintiff from any liability thereon. He shall further indemnify and hold harmless the plaintiff from any liability due for interest or penalties owed the internal revenue service on any federal income taxes due for the period of the parties' marriage.
6. The plaintiff shall be solely responsible for the liabilities listed on her financial affidavit, dated July 26, 1990, with the exception of the debt due for the first interstate visa charges, which shall be the obligation of the defendant. The plaintiff shall indemnify and hold harmless the defendant from any liability on the debts assigned to the plaintiff.
Judgment may enter accordingly.
NOVACK, J.